Stanislas Fournier, et al.
vs.
Jean Baptiste Remi.
} Eq. No. 5288.

October 11, 1929.

BLODGETT, P. J. Heard upon plea to bill in equity.

Complainants Stanislas Fournier and Phydime J. Hemond, of Woonsocket, allege that respondent Jean Baptiste Remi entered into an oral partnership agreement with them as follows: That Remi was to advance all the money for the purchase of a certain tract of real estate in Woonsocket; that complainants were to collect the rents upon the same, and from time to time sell the same, and that upon the sale of same the three partners were to share in all the profits arising from such sale, one-third to each.

To this bill respondent filed a plea denying that any such partnership agreement was ever made and the bill was tried solely upon this issue.

Complainants were real estate dealers in Woonsocket. Respondent was the owner of real estate in Woonsocket and dealt more or less in real property, having no other business.

Complainants in the fall of 1919 negotiated a sale of real estate in Woonsocket from Madeleine Dossin to respondent and wife, which real estate complainants claim was subject to the partnership agreement (See deed, Complainants' Exhibit 1).

The record shows that Emilien Dossin placed this property in the hands of Fournier, one of these complainants, to sell same. The record further shows that complainant received from Dossin $435 as a commission for the sale of same to respondent.

Respondent Remi deceased May 20, 1925. His death was suggested upon the record and the executor of his will made a party to the bill.

The real estate purchased from Dossin was disposed of in three separate parcels to three separate parties within the year subsequent to the said purchase. Testimony on the record shows that two of these sales, viz.: to Jules Remi Devloo and wife, and to Pierre Dagesse, were made in accordance with agreements drawn up by Adelard San Souci (See Respondent's Exhibits A and C) and executed in his office by the respective purchasers and by Remi and his wife. Apparently from the record the complainants had no part in said sales.

Complainant Fournier testified to making a sale of a portion of this land to Jeremie La Ferrierre and wife (See Complainants' Exhibit 4).

La Ferrierre testified that he entered into negotiations with complainant for such purchase, but that the purchase price was paid to respondent and a second mortgage executed to respondent for a part of the purchase price.

Hemond, one of complainants, testified that for a certain short period he collected rents which were turned over to Remi, and that subsequently Remi collected such rents. To corroborate such oral agreement Fournier introduced a book account (being pages 474 and 475 of Respondent's Exhibit D).

It will be noted that page 474 starts with the name "J. B. Remi" and that following this name appear, evidently in a different ink, the names "and Hamond and Fournier." This account apparently only refers to the property purchased by La Ferrierre. It will also be noted that no credit is given Remi in this account for the $435 commission paid by Dossin to Fournier. It is impossible for the Court to understand this account.

Complainant Fournier, to further corroborate such oral agreements of partnership, testified that he endorsed a note for $5750 given by Remi and his wife to Madeleine Dossin, being a portion of the purchase price of the land alleged to be covered by the partnership agreement. This note was produced and does not appear to have been signed in any manner by complainant Fournier (Respondent's Exhibit B).

The agreement alleged may be termed a one-sided affair and should, under the burden of proof imposed upon the complainants. be proved to the satisfaction of the Court.

Complainant, having just procured a purchaser of land of respondent, knowing that respondent had a large amount of cash, suggested that he, respondent, should enter into a partnership agreement for the purchase and sale of certain real estate and divide the profits. Respondent was to furnish all the money and to receive one-third of the profits. Complainant testified as to a like agreement he had had with a certain doctor, and suggested such a scheme to respondent, and says respondent so agreed. In this he is corroborated by Hemond. who was to receive one-third of the profits, and by a son of complainant Fournier. It is denied by the plea of respondent, which plea is made under oath, and by the daughter of respondent, who says her father told her that Fournier had suggested such a scheme

and that her father said that the scheme was absurd and refused to enter into it.

The Court can understand that a professional man, such as a doctor, might enter into such an agreement, but cannot understand how respondent, dealing more or less in real estate, would so do. It is difficult to understand why so important an agreement, affecting as it did real estate, should not have been reduced to writing. Apparently from the record Remi advanced all the capital, did at least two-thirds of the work involved in the sales, and is to share in only one-third of the profits.

This case has been reached for trial nearly ten years after its inception. This long delay has, however, not been due to the present counsel for complainants, who has acted with due diligence.

The Court does not believe that respondent entered into such an agreement as is alleged in this bill. Complainant Fournier was mistaken when he testified as to endorsing the note from Remi to Dossin, which leads the Court to think he is mistaken as to such an agreement.

Decree may be entered sustaining plea of respondent.

For complainants: Archambault & Lambert.

For respondent: Greene, Kennedy & Greene.